NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LA POSTA BAND OF DIEGUEÑO MISSION INDIANS OF THE LA POSTA RESERVATION, On behalf of itself and on behalf of its members as parens patriae, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, in his official capacity; MARK T. ESPER, U.S. Secretary of Defense, in his official capacity; CHAD F. WOLF, Acting U.S. Secretary of Homeland Security, in his official capacity; TODD T. SEMONITE, Commanding General of the U.S. Army Corps of Engineers, in his official capacity, <br><br> Defendants-Appellees. | No. 20-55941 <br><br> D.C. No. 3:20-cv-01552-AJB-MSB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted October 27, 2020
San Francisco, California

Before: TASHIMA, TALLMAN, and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This appeal presents a challenge by a federally recognized tribe, the La Posta Band of Diegueño Mission Indians ("La Posta" or "Tribe"), to the federal government's funding and construction of border-barrier projects in San Diego and Imperial Counties, California. La Posta appeals the district court's denial of a preliminary injunction. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We review a district court's denial of a preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A plaintiff seeking a preliminary injunction must demonstrate (1) likelihood of success on the merits, (2) irreparable harm absent an injunction, (3) that the balance of hardships favors the plaintiff, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). When the government is a party, the court considers the balance of hardships and the public interest factors together. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

La Posta contends that our recent decisions in *California v. Trump*, 963 F.3d 926 (9th Cir. 2020), and *Sierra Club v. Trump*, 963 F.3d 874 (9th Cir. 2020) ("*Sierra Club II*"), *cert. granted*, *Trump v. Sierra Club*, No. 20-138, 2020 WL 6121565 (Oct. 19, 2020), establish both an *ultra vires* cause of action and a cause

2

of action under the Administrative Procedure Act to challenge the Department of Defense's "reprogramming" of funds for border-barrier construction pursuant to section 8005 of the Consolidated Appropriations Act. *See* Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, div. A, § 8005, 133 Stat. 2317 (2019). La Posta further asserts that the district court abused its discretion by failing to recognize either cause of action in concluding that La Posta was not likely to succeed on the merits. But assuming for now (before the Supreme Court definitively answers the question) that La Posta has a cause of action to challenge the funding transfers, we cannot conclude that the district court abused its discretion in denying La Posta a preliminary injunction because the district court permissibly determined that La Posta had not made a sufficient showing of irreparable harm.

La Posta asserted that absent an injunction the Tribe would be harmed by the government's disturbance of its ancestral burial grounds and its members' inability to practice religious ceremonies at sacred sites. The government responded that burial grounds have not previously been documented in the construction area or discovered during construction, and the Tribe's sacred sites are still accessible because they are located outside the construction area. The district court acted within its discretion in concluding that factual disputes undermined La Posta's showing of these asserted harms. And while the

environmental harm we recognized in *Sierra Club II* is indeed generally irreparable, *All. for the Wild Rockies*, 632 F.3d at 1135, La Posta did not plead or brief this type of harm in the district court.  Therefore, the district court did not abuse its discretion in denying injunctive relief.

**AFFIRMED.**